**Alton G. HARWELL, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 83–8543**

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

July 6, 1984.

Michael L. Murphy, Bremen, Ga., for plaintiff-appellant.

Barbara V. Tinsley, Asst. U.S. Atty., Atlanta, Ga., Joseph S. Friedman, Dept. of Health and Human Services, Mary Gludt, Baltimore, Md., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

In this appeal we review the denial of disability insurance benefits to a 59 year-old who suffers from back and heart problems. The magistrate recommended that the district court reverse the Secretary, but the court concluded that the determination was supported by substantial evidence and affirmed. We affirm.

■ Claimant asserts that the Administrative Law Judge improperly gave greater weight to the reports of the consulting physicians than to those by the treating doctors. "Unless there is good cause shown to the contrary, the testimony of the treating physician must be accorded substantial weight." *Fruge v. Harris,* 631 F.2d 1244, 1246 (5th Cir.1980). At the same time, the ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion. *Oldham v. Schweiker,* 660 F.2d 1078, 1084 (5th Cir. 1981) (Unit B). Furthermore, even if the evidence preponderates against the Secretary's decision, we must affirm if substantial evidence supports the disability determination. *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). After a thorough review of the record, we conclude that substantial evidence supports the Secretary's finding of no disability. *See Watkins v. Schweiker,* 667 F.2d 954, 958 n. 1 (11th Cir.1982).

■ In his report the ALJ stated while the claimant may experience some discomfort on occasion, the essentially benign objective medical record, lack of regular use of potent pain medicatinn [sic], description of daily activities as well as claimant's demeanor and testimony at the hearing mitigate [sic] against claimant's allegation of constant, severe pain.
2 Rec. at 13. Claimant asserts that the ALJ erroneously required objective medical evidence to substantiate his testimony about pain and improperly engaged in "sit and squirm" jurisprudence. However, the record shows that the ALJ properly considered a variety of factors, including the claimant's use of pain-killers and his daily activities, in making the finding about pain.

■ Harwell also argued that the ALJ erred in concluding that claimant was capable of sedentary work, had previously been employed in skilled or semi-skilled jobs and had transferable skills. The reports of the consulting doctors provide substantial evidence for the ALJ's RFC finding. Furthermore, the vocational expert who testified at the second hearing before the ALJ concluded that Harwell's prior employment in the grocery business constituted work requiring some skill and that the claimant's skills were transferable to other positions in the grocery business. 2 Rec. at 102. This testimony provides substantial evidence for the ALJ's findings on these issues.

AFFIRMED.