838 F.2d 467
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Helen RAWSON, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 86-1257.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 30, 1987.
Decided: Jan. 25, 1988.
 
 Peter R. Rich, Volk, Frankovitch, Anetakis, Recht, Robertson & Hellerstedt on brief for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Supervisory Assistant, Regional Counsel, Paul S. Ceja, Assistant Regional Counsel, Department of Health and Human Services, William A. Kolibash, United States Attorney, Betsy C. Steinfeld, Assistant United States Attorney on brief) for appellees.
 Before ERVIN, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Helen Rawson applied for disabled widow's insurance benefits under sections 202(e) and 223 of the Social Security Act, 42 U.S.C. Secs. 402(e) and 423. Her application was denied because the Secretary found that she was not disabled. Rawson appealed to the district court for the Northern District of West Virginia, claiming that the Secretary erred in failing to consider the combined effect of her multiple impairments and in failing to give proper weight to the testimony of treating physicians. The district court affirmed, and Rawson brought this appeal. We affirm.
 
 I.
 
 2
 Helen Rawson is a widow whose husband was fully insured under the Social Security Act at the time of his death in 1961. She applied for disabled widow's benefits in 1980, when she was 52 years old, claiming that she was disabled as a result of a number of impairments including obesity, diabetes mellitus, hypertension, hearing loss, and depression. When her initial application and application for reconsideration were denied, she was afforded a de novo hearing before an administrative law judge, who found her not disabled and therefore ineligible for the benefits she claimed. That decision became the decision of the Secretary when the Appeals Council declined to review it.
 
 
 3
 The district court reversed that decision in 1982, holding that the Secretary had erred in failing to consider the effect of the combination of Rawson's impairments and in failing to consider the effect of the combination of Rawson's impairments and in failing to give proper weight to the testimony of treating physicians. The case was remanded, and after further review the Secretary again found Rawson not disabled. On appeal, the district court affirmed the Secretary's decision, and Rawson brought this appeal.
 
 II.
 
 4
 The scope of our review is narrow. The Secretary's finding of non-disability must be upheld, even if this court disagrees with it, if it is supported by substantial evidence. 42 U.S.C. Sec. 405(g) (1982); Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir.1986). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.' " Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966).
 
 
 5
 The widow of an individual who died fully insured, if she is between the ages of 50 and 60, is entitled to Social Security benefits if she is disabled. 42 U.S.C. Sec. 402(e)(1)(B)(ii). In order to show herself disabled, a widow must show that she has physical or mental impairments that preclude her from engaging in any gainful activity. 42 U.S.C. Sec. 423(d)(2)(B). Disability is determined with reference to a "Listing of Impairments" contained in regulations promulgated by the Secretary. A claimant may be found disabled if her impairment or impairments have "specific clinical findings that are the same as those for any [listed] impairment ... or are medically equivalent to those for any [listed] impairment." 20 C.F.R. Sec. 404.1578(a)(1) (1986). Rawson concedes that none of her impairments, considered individually, renders her "disabled" within the applicable statutory and regulatory requirements. She argues, however, that the combined effect of her multiple impairments meets those requirements.
 
 
 6
 Where a claimant suffers from multiple impairments, the Secretary must "consider the combined effect of all of [the] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. Sec. 404.1523. The Secretary must "review the symptoms, signs, and laboratory findings about [the claimant's] impairments to determine whether the combination of ... impairments is medically equal to any listed impairment." 20 C.F.R. Sec. 404.1526(a). Social Security Ruling 83-19 states that:
 
 
 7
 The mere accumulation of a number of impairments ... will not establish medical equivalence. When an individual suffers from a combination of unrelated impairments, the medical findings of the combined impairments will be compared to the findings of the listed impairment most similar to the individual's most severe impairment. The functional consequences of the impairments ... irrespective of their nature or extent, cannot justify a determination of equivalence.
 
 
 8
 The ALJ considered the effect of the combination of Rawson's impairments and found that it did not meet the statutory and regulatory requirements for establishing a disability. He noted that agency physicians had examined Rawson and concluded that "[t]he combination of [her] impairments do not meet or equal the level of severity described in the Listing of Impairments." He also heard testimony from a medical advisor who testified that the combination of Rawson's impairments was not medically equivalent to any listed impairment. While the evidence supporting the Secretary's determination is not overwhelming, it is sufficient to meet the "substantial evidence" standard we must apply.
 
 III.
 
 9
 Rawson's physician, Dr. Greco, advised the Secretary that Rawson was "unable to be gainfully employed." Dr. Templeton, who examined Rawson at the Secretary's request, found her "totally disabled." The testimony of a claimant's treating physician is not binding on the Secretary, but is entitled to "great weight ... [and] may be disregarded only if there is persuasive contradictory evidence." Smith, 795 F.2d at 345-46. Rawson argues that the Secretary failed to give adequate weight to the testimony of Greco and Templeton.
 
 
 10
 The Secretary did not fail to give adequate weight to the testimony of Dr. Greco because his opinions were not supported in the record by medical findings. "The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments." Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir.1986).
 
 
 11
 Dr. Templeton's testimony is supported in the record by medical findings, but he did not purport to apply the relevant statutory or regulatory criteria. He did not testify that the effect of the combination of Rawson's impairments was medically equivalent to any of the impairments listed in the applicable regulations, but merely proffered the bald conclusion that "I think [Rawson] is totally disabled." The Secretary did not err in placing greater weight on the remaining evidence in the record, which indicated that the combination of Rawson's impairments did not render her "disabled" within the meaning of applicable statutes and regulations.
 
 The judgment of the district court is
 
 12
 AFFIRMED.