**Shelby WALTERS, Plaintiff,**

v.

**Jo Anne BARNHART, Commissioner of Social Security, Defendant.**

**No. CIV.A. 00–B–560–E.**

United States District Court,
M.D. Alabama,
Eastern Division.

Nov. 30, 2001.

James P. Frey, Jr., Birmingham, AL, for Plaintiff.

R. Randolph Neeley of the United States Attorney's Office, Montgomery, AL, for Defendant.

## MEMORANDUM OPINION

BOYD, United States Magistrate Judge.

### I. *Introduction*

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently

became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen,* 792 F.2d 129, 131 (11th Cir.1986). Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge. The case is now before the court for review pursuant to 42 U.S.C. § 405(g). Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be AFFIRMED.

### II. *Standard of Review*

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

(1) Is the person presently unemployed?

(2) Is the person's impairment severe?

(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?

(4) Is the person unable to perform his or her former occupation?

(5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next

---

1. Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103–296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

2. A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen,* 800 F.2d 1026, 1030 (11th Cir.1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel,* 129 F.3d 1420, 1422 (11th Cir.1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen,* 804 F.2d 1179 (11th Cir.1986).

> [The court must] ... scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] ...

factual findings.... No similar presumption of validity attaches to the [Commissioner's] ... legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir.1987).

## III. *The Issues*

### A. *Factual Background*

The plaintiff completed the tenth grade and subsequently received her GED. (R. 52, 282). She was 50 years old at the time of the first hearing before the ALJ, and 51 at the time of the last. (R. 51, 83). The plaintiff has past relevant work experience as a supervisor of a retail store and as a sewing machine operator. (R. 52–54). In her application for benefits, the plaintiff claimed disability because of an inflamed right hip and problems with her right knee. (R. 134). On appeal she also contends that she suffers from borderline intellectual functioning, conversion disorder,[4] dependent personality with histrionic overtones,[5] and Meniere's Disease.[6] (Plaintiff's Brief, 7, 12).

The ALJ found that the plaintiff suffers from the severe impairments of transient synovitis,[7] conversion disorder, borderline

---

3. *McDaniel v. Bowen,* 800 F.2d 1026 (11th Cir.1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir.1981) (Unit A).

4. A conversion disorder is characterized by the transformation of an unconscious mental conflict into a symbolically equivalent bodily symptom. *Webster's Medical Desk Dictionary* 142 (1986).

5. An individual with dependent personality with histrionic overtones exhibits a pattern of excessive emotionalism and attention seeking, need for approval, and inappropriate seductiveness. The cause of the disorder is un-

known, but people with the disorder are usually able to function socially and at work. *The Merck Manual of Medical Information* 427, 428 (1997).

6. Meniere's disease is "a disorder of the membranous labyrinth of the inner ear that is marked by recurrent attacks of dizziness, tinnitus, and deafness." *Webster's Medical Desk Dictionary* 422 (1986).

7. Synovitis is an inflammation of synovial membrane. It is usually painful, particularly on motion, and is characterized by a fluctuating swelling due to effusion within a synovial sac. *Dorland's Illustrated Medical Dictionary* 1645 (28th ed.1994)

intellectual functioning, and dependent personality with histrionic overtones, but that she does not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (R. 29–30). The ALJ found that the plaintiff cannot return to her past relevant work, but that she has transferable work skills as well as the exertional capacity to perform sedentary work with some nonexertional limitations. (R. 30–31). Based on the plaintiff's age, education, work experience, and exertional capacity, the ALJ found her impairments do not preclude her from performing a significant number of jobs in the national economy. (R. 31). Accordingly, the ALJ concluded that the plaintiff is not disabled. (R. 31).

### B. Plaintiff's Claims.

The plaintiff's issues are as follows:

1. That the ALJ failed to accord proper weight to her treating physician's opinion.

2. That the ALJ failed to analyze properly the impact of plaintiff's mental impairments on her ability to work.

3. The case should be remanded for consideration of new and material evidence.

## IV. Discussion

### A. Treating Physician's Opinion

 The plaintiff contends that the ALJ did not give full weight to the opinion of one of her treating physicians, Dr. Kahing Chan, and failed to articulate his reasons. (Plaintiff's Brief, 5). The ALJ accorded significant weight to Dr. Chan's opinion that the plaintiff was capable of performing sedentary work (R. 20). Although Dr. Chan's medical records suggested some physical limitations for the plaintiff, the ALJ declined to accept Dr. Chan's physical capacities assessment because that opinion appeared to be based more on the plain-

tiff's subjective complaints of pain rather than any objective evidence (R. 20–21).

 It is well-settled that the opinion of a claimant's treating physician must be accorded substantial weight unless good cause exists for not doing so. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986); *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir.1985). However, the weight afforded to a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence of the claimant's impairment. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir.1986). The ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir.1983). The ALJ must articulate the weight given to a treating physician's opinion and must articulate any reasons for discounting the opinion. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir.1987).

Dr. Chan determined that the plaintiff can perform a limited range of sedentary work (R. 211). He also found that the she cannot use her feet or legs for pushing and pulling leg controls, and can only occasionally bend, squat, crawl, climb, or reach overhead (R. 212). The ALJ found differing nonexertional limitations for plaintiff, including the occasional ability to use her legs for repetitive movement such as pushing and pulling of leg controls, and the frequent ability to reach overhead (R. 30).

After conducting an independent review of the record, the court concludes that Dr. Chan's opinion regarding plaintiff's physical capacities is not supported by objective medical evidence, and, accordingly, the ALJ did not err as a matter of law in rejecting this opinion.

Dr. Chan initially examined the plaintiff on April 19, 1996, for complaints of right-groin, right-knee, and right-hip pain which

had recurred for more than a year and progressively worsened over the preceding two months. Several previous examinations and diagnostic tests had failed to pinpoint a source of diagnosis (R. 175). Plaintiff also complained of right-knee pain. Dr. Chan's neurological examination revealed no abnormal focal weakness, muscle atrophy, fasciculation,[8] or percussion myotonia[9] (R. 175); discerning no medical explanation, Dr. Chan suggested tendinitis as the likely reason for plaintiff's pain (R. 175).

When examined by Dr. Chan again on February 10, 1998, plaintiff reported back pain and difficulty bending her left foot (R. 210). Plaintiff exhibited a slow gait and experienced lower-back pain with some of the neurological tests (R. 211). Consequently, notwithstanding his opinion that the plaintiff could perform sedentary work, Dr. Chan concluded that her back pains would hamper walking, lifting, handling and carrying objects (R. 211). Based on Dr. Chan's clinical evaluation of plaintiff's physical capacities, she could frequently lift and carry up to 10 pounds and occasionally lift up to 25 pounds; she could use her feet for repetitive movements, such as pushing or pulling leg controls; she could only occasionally bend, squat, crawl, climb, and reach overhead (R. 212).

No radiologic, laboratory, diagnostic or other objective evidence substantiate Dr. Chan's opinions about the plaintiff's pain and functional limitations. Thus, the court concludes that the ALJ properly rejected his opinions in this regard.

### B. Impact of Mental Impairments

■ The plaintiff also contends that the ALJ improperly analyzed her severe impairments of borderline intellectual functioning, conversion disorder, and dependent personality with histrionic overtones. The plaintiff argues that by finding these impairments to be severe, the ALJ necessarily concluded that they impose significant work-related limitations. The court disagrees.

■ The severity step is a threshold inquiry which allows only "claims based on the most trivial impairment to be rejected." *McDaniel,* 800 F.2d at 1031. Indeed, a severe impairment is one that is more than "a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Bowen v. Yuckert,* 482 U.S. 137, 154 n. 12, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (citing with approval Social Security Ruling 85–28 at 37a.).

The ALJ's finding that the plaintiff suffered from severe impairments is not tantamount to a conclusion that these impairments imposed significant work-related limitations. Based on the psychological evaluation completed by Dr. Jean Badry, the ALJ found the plaintiff to be only mildly restricted in her ability to relate to other people and in her ability to understand, remember, and carry out instructions, and posed these restrictions to the vocational expert. (R. 27, 93–94, 281–289). In fact, the ALJ considered the effects of the plaintiff's impairments on her residual functional capacity and concluded that "the claimant retains basic mental work skills, such as the ability to understand, remember and carry out instructions and respond appropriately to supervision, co-workers and work pressure...." (R. 21).

---

**8.** Fasciculation is defined as "a muscular twitch involving simultaneous contraction of contiguous groups of muscle fibers." *Webster's Medical Desk Dictionary* 236 (1986).

**9.** Myotonia is a "tonic spasm of one or more muscles." *Webster's Medical Desk Dictionary* 461 (1986).

As prescribed by 20 C.F.R. § 404.1520a and § 416.920a, the ALJ evaluated the severity of the plaintiff's mental limitations on a Psychiatric Review Technique Form (PRTF) and detailed the relevant evidence underlying his decision that plaintiff's severe mental impairments posed no more than minimal functional limitations. No medical evidence contradicts the ALJ's findings. Because the ALJ fully explained the rationale for his conclusions regarding the severity of the plaintiff's mental impairments, the court finds no error and no inconsistency.[10]

### C. New Evidence

██ The plaintiff submits to the Court medical records which she did not present to the ALJ or the Appeals Council in support of her disability claim. These records are not part of the administrative record for review by this court. As the Fifth Circuit explained in *Parks v. Harris*, 614 F.2d 83, 84 (5th Cir.1980):

> The Secretary, as part of her answer to the suit, must file with the court a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. 42 U.S.C. § 405(g). The court then has the authority to review the [Commissioner's] decision upon the pleadings and transcript of the record. *Id.* (internal quotations omitted)

Consequently, this court has no jurisdiction to evaluate this new evidence in the first instance. *See Caulder v. Bowen*, 791 F.2d 872, 875 (11th Cir.1986); *see also Cherry v. Heckler*, 760 F.2d 1186 (11th Cir.1985).

██ "Although the federal court does not examine evidence that was not

considered during administrative proceedings, it should remand a case to the [Commissioner] to consider such evidence if a claimant makes a sufficient showing." *Caulder v. Bowen*, 791 F.2d at 876. Under sentence six of § 405(g), a remand for consideration of additional evidence is appropriate when a claimant shows that: (1) new and non-cumulative evidence exists; (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result; and (3) good cause exists for the claimant's failure to submit the evidence at the appropriate administrative level. *See Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir.1987). The failure of a claimant to establish any of these element means that remand is not appropriate. *Id.* at 766.

The additional evidence which plaintiff submits does not form a legally sufficient basis for remand. The plaintiff's evidentiary proffer consists of medical treatment records of Dr. F. Anthony McLeod from March 20, 1998 through February 11, 2000, which document the plaintiff's periodic treatment for ear ache, headaches and dizziness and an eventual diagnosis of Meniere's syndrome. The Commissioner concedes that this evidence is new and non-cumulative because it documents treatment which followed the conclusion of the administrative proceedings, but disputes the materiality of the evidence because it does not concern any alleged disabling impairment.

██ Even though records considered by the ALJ contained plaintiff's reported complaints of dizziness and ear problem (R. 222, 282), the court agrees that her later diagnosis of Meniere's syn-

---

10. *See* C.F.R. 416. 920a(b)(2)("the ALJ must indicate whether certain medical findings which have been found especially relevant to the ability to work are present or absent."); *see also Cruse v. United States Dep't of Health*

*& Human Services,* 49 F.3d 614, 617–18 (10th Cir.1995)("when the ALJ prepares the PRTF himself, he must 'discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form.' ").

drome, which substantiated her complaints, is not material because the plaintiff did not premise her disability claims—in either her applications or her testimony—on dizziness or ear problems. In order to be material, the new evidence must "pertai[n] to a condition that [the plaintiff] listed in his applications at the administrative level as a source of his disability." *Id.* at 877–78. Moreover, the Court observes that "not every discovery of new evidence, even if relevant and probative, will justify a remand to the [Commissioner], for some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing." *Id.* at 876.

The plaintiff has demonstrated good cause for not presenting the evidence during the administrative proceedings since the evidence did not exist at that time. *See Hyde v. Bowen,* 823 F.2d 456, 459 (11th Cir.1987). Nevertheless, the failure to establish the materiality of the evidence is fatal to the plaintiff's remand motion.[11]

## V. *Conclusion*

After a careful review of the entire record, the court concludes that substantial evidence supports the ALJ's conclusion and that the case should be affirmed.

Accordingly, this case is AFFIRMED.

A separate Order will be entered.

### ORDER

In accordance with the memorandum opinion entered herewith, it is

ORDERED AND ADJUDGED that the decision of the Commissioner be, and is hereby, AFFIRMED and that this case be, and is hereby, DISMISSED with prejudice. It is further

---

**11.** Because remand is inappropriate, if the plaintiff seeks disability based on the diagno-

ORDERED that costs be, and are hereby, taxed against the plaintiff.

sis of Meniere's disease, she must file a new claim for disability.