**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2005
THOMAS K. KAHN
CLERK

_____

**No. 04-16235**

_____

D. C. Docket No. 03-00300-CV-OC-10-GRJ

CHARESSA DOUGLAS, for
Tyrone Patterson Jr.,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

**Appeal from the United States District Court
for the Middle District of Florida**

_____

**(November 23, 2005)**

**Before BLACK, WILSON and COX, Circuit Judges.**

**WILSON, Circuit Judge:**

Tyrone Patterson, Jr., a minor child, through his mother, Charessa Douglas,

appeals the district court's order affirming the Commissioner of Social Security's

decision to deny his application for Supplemental Security Income disability benefits. "Our [de novo] review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam). Since substantial evidence showed that Patterson did not exhibit "marked" limitations in two or more domains, or "extreme" limitations in one domain, the Administrative Law Judge correctly concluded that his impairments did not functionally equal any listed impairment. Accordingly, we affirm.

We are not persuaded by Patterson's argument that the ALJ erred by failing to consider his ADHD in combination with his other impairments. During the sequential evaluation, the ALJ considered Patterson's impairments in combination when he was assessing whether Patterson met, equaled, or functionally equaled a listed impairment. Specifically, the ALJ stated, "claimant's combination of impairments does not meet or medically equal the criteria set forth for any impairment in the listings." It is clear from the ALJ's statements that he considered Patterson's impairments in combination. *See Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986) (per curiam).

Patterson's argument that the ALJ failed to refute the opinions of two, non-

examining Social Security Administration psychologists is similarly unpersuasive. Both psychologists found that Patterson had "less than marked" limitations in two areas of functioning and "marked" limitations in one area of functioning. However, the regulations require that a claimant have "marked" limitations in two domains or an "extreme" limitation in one domain. *See* 20 C.F.R. § 416.926a(d). Therefore, their evaluations do not support a finding that Patterson's impairments functionally equaled a listed impairment.

Patterson's final argument, that he received a subsequent award of benefits based on the same impairments demonstrates that the ALJ erred in evaluating his impairments, also fails. "We review the decision of the ALJ as to whether the claimant was entitled to benefits during a specific period of time, which period was necessarily prior to the date of the ALJ's decision." *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999) (per curiam). The subsequent award of benefits indicated that Patterson was to begin receiving SSI disability benefits as of November 1, 2002, a year and five months after the date of the ALJ's decision. A subsequent award of benefits is irrelevant to this case. Instead, it indicates that Patterson's condition deteriorated after the ALJ's decision to the point that by November 1, 2002, his condition was in fact disabling.

**AFFIRMED.**