[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 25, 2006
THOMAS K. KAHN
CLERK

No. 06-12700
Non-Argument Calendar

_____

D. C. Docket No. 04-01638-CV-T-24-MAP

VIRGINIA KEANE,
Mother of Deceased
son, Robert Parcelles,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL
SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 25, 2006)**

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Virginia Keane, on behalf of her son Robert J. Parcelles,[1] appeals the district court's order affirming the Commissioner's denial of disability insurance benefits,[2] 42 U.S.C. § 405(g). On appeal, Keane argues that the Administrative Law Judge ("ALJ") erred in (1) finding that the disability onset date was October 15, 1999; (2) finding that Parcelles's impairments did not meet or equal Listing 4.04(C); and (3) not considering the combined effect of all of Parcelles's impairments.

We review a social security case to determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. Crawford v. Comm'r, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. . . . Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." Id. at 1158-59 (quotation and citations omitted). In conducting this review, we do not reweigh the evidence or substitute our judgment for that of the ALJ. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). With respect to the Commissioner's legal conclusions, however, our review is de novo. Lewis v. Barnhart, 285 F.3d 1329,

[1] Robert Parcelles, the disability claimant, died on December 18, 2003. His mother is pursuing the appeal on his behalf.

[2] Parcelles applied for both disability insurance benefits and supplemental security income, but only the former were denied.

2

1330 (11th Cir. 2002).

## I. Finding of Disability Onset Date

An "onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in [substantial gainful activity] for a continuous period of at least 12 months or result in death." Id. To determine the onset date for disabilities of nontraumatic origin, the individual's allegation, work history, and medical and other evidence should be considered. Id. "[T]he date alleged by the individual should be used if it is consistent with all the evidence available." Id.

Although Parcelles came to revise his alleged onset date by approximately one year, October 15, 1999 was the onset date he originally and repeatedly submitted. Substantial evidence supports the ALJ's affirmation that this date was, in fact, the onset date for Parcelles's disability. In addition to crediting Parcelles's own testimony that he stopped working in October 1999, the ALJ reviewed the medical evidence relating to the prior period and noted that Parcelles was engaging in gainful work activity. Though the medical record does indicate that Parcelles's diabetes was only intermittently under control, and that Parcelles was twice hospitalized for cardiac problems, the possibility that these impairments kept him from substantial gainful activity is not supported by enough record evidence to

3

undermine the substantial evidence, summarized above, which supports the ALJ's contrary conclusion.

## II. No Finding of Ischemic Heart Disease Under Listing 4.04(C)

The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven that he is disabled. See generally 20 C.F.R. § 404.1520. At step three of the sequential evaluation process, a claimant has the burden of proving that an alleged medical problem meets or equals a listed impairment. Barron v. Sullivan, 924 F.2d 227, 229 (11th Cir. 1991). "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002). "To 'equal' a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'" Id.

"While Appendix 1 must be considered in making a disability determination, it is not required that the [Commissioner] mechanically recite the evidence leading to her determination. There may be an implied finding that a claimant does not meet a listing." Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986). At the time of the ALJ's decision, Listing 4.04 stated, in pertinent part:

4.04 Ischemic heart disease, with chest discomfort associated with

4

myocardial ischemia, as described in 4.00E3, while on a regimen of prescribed treatment . . . . With one of the following:

. . .

C. Coronary artery disease, demonstrated by angiography (obtained independent of Social Security disability evaluation), and an evaluating program physician, preferably one experienced in the care of patients with cardiovascular disease, has concluded that performance of exercise testing would present a significant risk to the individual, with both 1 and 2:

1. Angiographic evidence revealing:
     a. 50 percent or more narrowing of a nonbypassed left main coronary artery; or
     b. 70 percent or more narrowing of another nonbypassed coronary artery; or
      . . .
     e. Total obstruction of a bypass graft vessel; and

2. Resulting in marked limitation of physical activity, as demonstrated by fatigue, palpitation, dyspnea, or anginal discomfort on ordinary physical activity, even though the individual is comfortable at rest.

20 C.F.R. Pt. 404, subpt. P, App. 1 § 4.04 (2003).

Substantial evidence supports the ALJ's implicit decision that Parcelles did not establish that his impairment met or equaled Listing 4.04(C). The medical records from the pertinent period, October 15 through December 31, 1999 do not reveal any evidence that Parcelles was experiencing chest discomfort or had a "marked limitation of physical activity." Accordingly, the ALJ's failure to find that Parcelles met Listing 4.04(C) was not erroneous.

### III. Consideration of All Impairments in Combination

When a claimant alleges a multitude of impairments, "a claim for social security benefits may lie even though none of the impairments, considered individually, is disabling." Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987) (citation and quotation omitted). The ALJ has the duty to "make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." Id. We have held that the ALJ properly considered the claimant's impairments in combination when the ALJ stated that, "based upon a thorough consideration of all evidence, the ALJ concludes that appellant is not suffering from any impairment, or a combination of impairments of sufficient severity to prevent him from engaging in any substantial gainful activity for a period of at least twelve continuous months." Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986).

The ALJ's decision in this case reflects full consideration of all of Parcelles's impairments, both individually and in combination. To the extent that plaintiff's argument is based on the ALJ's alleged failure to find additional severe impairments relating to the period from October 15 to December 31, 1999, there is substantial evidence in the record that supports the ALJ's decision.

A claimant's impairment is determined to be severe or not severe in step two of the sequential evaluation process. 20 C.F.R. § 416.920(c). The regulations state

that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities." Id. § 404.1521(a). "Basic work activities" include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. Id. § 404.1521(b)(1)-(6). We have explained that an "impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986).

The ALJ found that Parcelles's severe impairments during this time were diabetes, obesity, and coronary artery disease, and he thoroughly discussed the substantial evidence supporting his conclusion that Parcelles's other alleged impairments – including obstructive pulmonary disease ("COPD"), asthma, and sleep apnea – were not so severe as to interfere with his ability to work during the relevant months of 1999.

7

Upon careful review of the record on appeal and consideration of the parties' briefs, we discern no reversible error.  Because the ALJ's decision regarding the onset date, Listing 4.04(C), and the severity of Parcelles's impairments from October 15, 1999, through December 31, 1999, properly considered all of Parcelles's impairments and was supported by substantial evidence, the judgment of the district court is

**AFFIRMED.**