[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 30, 2008
THOMAS K. KAHN
CLERK

No. 08-12333
Non-Argument Calendar

_____

D. C. Docket No. 05-00136-CV-1-MMP-AK

HENRY BROWN,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(October 30, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Henry Brown appeals a decision that affirmed the denial of his application

for disability insurance benefits and supplemental security income from the Social Security Administration. 42 U.S.C. §§ 405(g), 1383(c)(3). Brown challenges the ruling on two grounds. First, Brown challenges the finding of the administrative law judge that Brown's complaints of pain and fatigue were not credible. Second, Brown challenges the hypothetical question posed to the vocational expert. We affirm.

We review the decision by the Commissioner "to determine if it is supported by substantial evidence and based on proper legal standards." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). Substantial evidence consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. The burden rests with the claimant to prove that he is disabled and entitled to Social Security benefits. See 20 C.F.R. § 404.1512(a); Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

Substantial evidence supports the finding that Brown was not credible. "[T]o establish a disability based on testimony of pain and other symptoms," a disability claimant must present "evidence of an underlying medical condition" and either medical evidence that he suffers severe pain or evidence that the condition is "expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). Although Brown has heart problems, Brown complained

2

only once in 2001 about "mild" chest pain and he testified that periodic consumption of nitroglycerine alleviated his chest pain. In addition, Brown's treating physician had advised him to increase his physical activity and two residual functional capacity assessments stated that Brown could perform light work. Brown's complaints about pain and severe fatigue were also inconsistent with his testimony that he daily vacuumed and cleaned his home and walked a quarter of a mile to his mailbox, mowed segments of his lawn, and carried two and a half gallons of water for 20 to 30 minutes to water his plants. See Harwell v. Heckler, 735 F.2d 1292, 1293 (11th Cir. 1984).

The administrative law judge could consider Brown's failure to comply with a treatment regimen as a factor in assessing Brown's credibility. See Ellison v. Barnhart, 355 F.3d 1272, 1275–76 (11th Cir. 2003). Although Brown complains that he cannot afford the necessary treatment, Brown acknowledged at his second evidentiary hearing that the Veteran's Administration provided medications that were prescribed by his current treating physician. Medical records also establish that Brown received samples of medication.

The administrative law judge posed an accurate and complete hypothetical question to the vocational expert. The judge found implausible Brown's allegations of extreme fatigue because they were inconsistent with medical

3

evidence and Brown's testimony. The judge "was not required to include findings in the hypothetical that he had . . . rejected as unsupported." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004).

The denial of Brown's application for benefits is **AFFIRMED**.