[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15072
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00251-MTT


KAY YATES NEWBERRY,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 14, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Kay Newberry appeals the district court's order affirming the Social Security Administration's denial of her application for disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g).  Specifically, Newberry raises two challenges to the finding of the Administrate Law Judge (ALJ) that she is not disabled.  First, she contends the ALJ failed to specify the weight he gave to the opinion of Dr. Carlos Giron, Newberry's pain specialist, or his reasons for rejecting certain portions of Dr. Giron's opinion.  Second, Newberry contends the ALJ failed to explain his reasons rejecting Newberry's own testimony concerning her pain or to specify which aspects of her testimony he rejected.  Upon review,[1] we reject each of Newberry's contentions and affirm the denial of her application.

Newberry first contends the ALJ erred by failing to state with particularity the weight given to the different medical opinions presented and his reasons for the weights assigned.  *See Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).  However, in evaluating Dr. Giron's opinion, the ALJ explained that his opinion was unsupported by other objective medical evidence in the record, which included MRIs that revealed only mild or minimal spinal abnormalities and the absence of

---

[1] In a Social Security appeal, we review the Commissioner's decision to determine whether it is supported by substantial evidence and based upon proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner," *id.* (brackets and internal quotation marks omitted), and "[e]ven if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence," *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (internal quotation marks omitted).

neurological abnormalities at Newberry's most recent orthopedic consultative examination.  The ALJ also determined that Dr. Giron ordered a conservative course of treatment, which belied his findings of severe limitations, and determined that the evaluation of Dr. J.W. Spivey, a consultative examiner, was more consistent with other evidence in the record, such as the routine activities Newberry undertook in her daily life.  *See Harwell v. Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984).  These were sufficient reasons to explain the ALJ's treatment of Dr. Giron's opinion.

Newberry faults the ALJ for not explicitly assigning weight to every part of Dr. Giron's opinion and for not discussing Dr. Giron's finding that Newberry would need to lie down at times throughout a workday.  However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," *Dyer v. Barnhard*, 395 F.3d 1206, 12011 (11th Cir. 2005), and even if the ALJ erroneously failed to explicitly assign weight to and discuss every aspect of Dr. Giron's opinion, this error was harmless because it is still clear that the ALJ's rejection of the portions of Dr. Giron's opinion that are inconsistent with the ALJ's ultimate conclusion was based on substantial evidence, *see Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (classifying certain errors as harmless in the context of the substantial-evidence standard).

Newberry's second contention is that the ALJ failed to explain his rejection of Newberry's subjective accounts of her own pain.  However, because the ALJ's credibility determination was sufficient for us to conclude that he considered Newberry's condition as a whole, the determination is sufficient.  *Dyer*, 395 F.3d at 1210.  Although the ALJ's explanation as to his adverse credibility determination was terse, before making the finding he considered Newberry's activities of daily living, the frequency of her symptoms, the types and effects of her medications, and her overall treatment history.  Thus it is clear the ALJ considered Newberry's condition as a whole and that his determination of Newberry's credibility was based on substantial evidence.

In sum, substantial evidence supports the ALJ's finding as to Newberry's residual functional capacity and ability to perform limited sedentary work.  Consequently, we must affirm the denial of her application.

**AFFIRMED.**

4