[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11758
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-00872-JBT


MATTHEW JOHN ROMEO,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 24, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Matthew Romeo appeals the district court's order affirming the administrative law judge's ("ALJ") denial of disability insurance benefits, pursuant to 42 U.S.C. § 405(g).  On appeal, Romeo argues that the ALJ improperly discounted the opinions of Dr. Gerald Hodan and Drs. Felix and Milagros Subervi. Romeo argues that their opinions are fully supported by the record, including Romeo's self-reported problems and observations by professionals.  He contends that the record clearly demonstrates that he is not able to maintain employment on a regular basis and that substantial evidence did not support the ALJ's denial of benefits.  After a review of the record and consideration of the parties' briefs, we affirm.

In social security appeals, we review the decision of an ALJ as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  We review *de novo* the legal principles upon which the ALJ's decision is based, but the ALJ's factual findings are conclusive if supported by substantial evidence.  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).  Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation omitted).  Even if the evidence preponderates against the factual

2

findings made by the Commissioner, we must affirm if the decision reached is supported by substantial evidence. *Ingram*, 496 F.3d at 1260. We will not decide facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

The ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). The ALJ must give the medical opinions of treating physicians substantial or considerable weight unless good cause is shown to the contrary. *Id.*; *see also Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) (stating that the ALJ may reject any medical opinion if the evidence supports a contrary finding). Good cause exists when: (1) the opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the opinion was conclusory or inconsistent with the doctor's own medical records. *Winschel*, 631 F.3d at 1179. An ALJ must generally give more weight to the opinion of a doctor who has examined a claimant, and the longer a treating source has treated a claimant, the more weight their opinion is given. 20 C.F.R. § 404.1527(c)(1), (2). A doctor who examines a claimant only once is not considered a treating physician. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987).

An ALJ must consider the opinions of non-examining physicians, including state agency psychological consultants. *See* 20 C.F.R. § 404.1527(e)(2). The

weight to be given to a non-examining physician's opinion depends, among other things, on the extent to which it is consistent with other evidence. *See id.* § 404.1527(e)(2)(ii); *see also Crawford*, 363 F.3d at 1158, 1160 (holding that the ALJ did not err in relying on a consulting physician's opinion where it was consistent with the medical evidence and findings of the examining physician). The opinions of non-examining physicians are entitled to little weight when compared to examining physicians, however. *Sharfarz*, 825 F.2d at 280. The more a medical source presents relevant evidence to support an opinion, the more weight is given to that opinion. 20 C.F.R. § 404.1527(c)(3).

A medical opinion that a claimant is disabled constitutes an opinion on an issue reserved to the Commissioner and is not controlling. 20 C.F.R. § 404.1527(d)(1). Factors that an ALJ considers in evaluating a medical opinion include whether the physician examined or treated the claimant, the length of the treatment relationship, the frequency of examination, and the supportability and consistency of the opinion. *Id.* § 404.1527(c).

A claimant's daily activities may be considered in evaluating and discrediting complaints of disabling pain. *Harwell v. Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984). In *Harwell*, we held that the ALJ properly considered the claimant's use of pain medication and his daily activities in finding that his allegation of constant and severe pain was outweighed by other evidence. *Id.*

The ALJ provided sufficient reasons for discounting the opinions of Dr. Hodan and Drs. Subervi and Subervi because she stated with particularity the weight given to different medical opinions and the reasons why some were given more weight than others, as required. *Winschel*, 631 F.3d at 1179. Moreover, none of these doctors were treating physicians because they each only saw Romeo once. *McSwain*, 814 F.2d at 619. Even if they were treating physicians, the ALJ established good cause for discounting their opinions because their reported observations from examining Romeo contradicted their determinations that Romeo was markedly impaired. As to the final conclusion from Drs. Subervi and Subervi that Romeo would find it difficult to hold a full-time job, that issue is reserved to the Commissioner and was not entitled to any weight. 20 C.F.R. § 404.1527(d)(1). Moreover, the remainder of the record evidence did not support the marked limitations found by Dr. Hodan and Drs. Subervi and Subervi. Particularly, Romeo made multiple visits to Directions for Mental Health, whose records indicated that despite his diagnoses, his behavior and affect were evaluated as essentially normal each time and his global assessment of functioning score improved with consistent medication.

**AFFIRMED.**