Gloria MILANO, Plaintiff-Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellee.

No. 85–3950.

United States Court of Appeals, Eleventh Circuit.

Feb. 12, 1987.

Jeffrey Kushner, Ft. Myers, Fla., J. Christopher Deem, Tampa, Fla., for plaintiff-appellant.

Virginia M. Covington, Asst. U.S. Atty., Tampa, Fla., Mary Ann Sloan, Dept. of Health & Human Services, Office of Gen. Counsel, Atlanta, Ga., for defendant-appellee.

Before JOHNSON and ANDERSON, Circuit Judges, and GARZA *, Senior Circuit Judge.

ANDERSON, Circuit Judge:

Gloria Milano appeals from the judgment of the United States District Court for the Middle District of Florida upholding a final decision by the Secretary of Health and Human Services ("Secretary") denying her claim for disability insurance benefits under the Supplemental Security Income program, 42 U.S.C. §§ 1381 *et seq.*, and the Disability Insurance Benefits program, 42 U.S.C. §§ 401, *et seq.* We reverse and remand.

## I. FACTS

In October 1981, Milano filed an application for disability insurance benefits claiming she was disabled due to numbness in her feet, legs and hands. On April 21, 1982, a hearing was held before an Administrative Law Judge ("ALJ") in which Milano was represented by counsel.

At the time of the hearing Milano was a fifty-six year old high school graduate who had previously worked as a clerk/cashier and as a "traffic manager" in an appliance store. Milano testified that she had stopped working in 1979 due to a change in

---

* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

the store's ownership and that she was unsuccessful in her subsequent attempts to find work. She further testified that she could not return to work due to leg numbness and because she fell when she attempted to walk without the assistance of a cane or walker. This numbness had also limited her personal activities; though she fed and dressed herself, she did not cook, shop or perform housework.

The medical evidence presented at the hearing consisted of a report from Dr. Charles Worrell, who concluded that Milano's only abnormality was peripheral neuropathy involving predominantly the left leg. He observed that no etiologic factor for the peripheral neuropathy had been found. Dr. Worrell also found that Milano had normal flexion in her feet, legs, and dorsolumbar and cervical spine, and shoulders, and that she had normal hand grasp and dexterity. See Administrative Transcript at 82–89.

In light of this minimal medical evidence of disability, the ALJ determined that Milano was not impaired and not entitled to disability insurance benefits. On August 16, 1982, Milano timely requested review by the Appeals Council. She was granted an extension until September 27, 1982 to submit additional evidence.

A psychological report and supplemental questionnaire was compiled on September 13, 1982. They reflected the opinion of Dr. Norman Bills that Milano suffered from a severe psychological disability. Milano's letter to the Appeals Council, requesting that these items be made a part of the record was dated September 28, 1982, one day after the extension she was granted expired. On October 25, 1982, the Appeals Council denied Milano's request for review. The supplemental items submitted to the

Appeals Council by Milano were neither included in the administrative record nor mentioned when the request for review was denied.

Milano then appealed the decision of the Appeals Council to the district court. The district court determined that the Secretary's decision that Milano was not disabled was supported by substantial evidence and that Milano had not met her burden of proving that a remand was justified.

On appeal, Milano asserts three grounds for reversal of the district court's decision: (1) that the district court erred in failing to remand the case to the Secretary for his consideration of the supplemental psychological report; (2) that the Secretary's determination that Milano was not disabled was not supported by substantial evidence; and (3) that the provisions of the Social Security Disability Benefit Reform Act of 1984, P.L. 98–460, § 5(c), 42 U.S.C. § 421 note, required that Milano's case be remanded for reconsideration.

We reverse the decision of the district court because we determine that Milano's case should have been remanded to the Secretary for consideration of new psychological evidence she made available to the Appeals Council.[1]

## II. DISCUSSION

■ As a threshold matter, we must determine the proper standard of review which this court should apply in determining whether or not to remand this case to the Secretary. Milano asserts that the district court improperly required her, pursuant to 42 U.S.C. § 405(g), to show good cause for not submitting the psychological report to the ALJ.[2] She contends that 20 C.F.R. § 404.970 required the Appeals Council to consider the psychological re-

1. We thus expressly decline to decide whether or not the Secretary's decision was supported by substantial evidence in the record and whether or not the provisions of the Social Security Disability Benefit Reform Act would, in other circumstances, require a remand.

2. 42 U.S.C. § 405(g) (1982) provides in pertinent part that:

The court may ... at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

port. The regulations require only that the Appeals Council evaluate the entire record "[i]f new and material evidence is submitted with the request for review." 20 C.F.R. § 404.970(b) (1985). As is plain from our recitation of the facts, the Appeals Council was not required by regulation to consider Milano's new psychological evidence; the report was filed after her extension had expired, rather than with her request for review. Consequently, the district court properly evaluated the case under 42 U.S.C. § 405(g).

■ However, we conclude that Milano has satisfied the more stringent standard of § 405(g). As we have stated before, "the judicial determination whether remand is necessary is a *de novo* proceeding." *Cherry v. Heckler*, 760 F.2d 1186, 1194 (11th Cir.1985). In order to demonstrate that a remand is necessary "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir.1986) (citation omitted).

Milano's subsequent psychological evaluation is plainly new noncumulative evidence that would be material to the ALJ's determination. The binding precedent of *Cherry*, 760 F.2d 1186, mandates this conclusion. In *Cherry*, the claimant complained of nerves, headaches and kidney problems. The ALJ determined that, despite her exertional impairments, Cherry was capable of performing unskilled sedentary work and, thus, that she was not disabled. While Cherry's appeal from that decision was pending before the district court, she presented new evidence to the district court and the Appeals Council consisting of a medical report and answers to interrogatories which established that she suffered from significant psychological disorders. We recognized that this report constituted new evidence, as it was the product of the only comprehensive psychological evaluation of Cherry's mental condition. We further determined that, because this new evidence suggested the existence of nonexertional impairments, it constituted material new evidence and gave rise to a reasonable possibility that the administrative outcome would be changed. *Cherry*, 760 F.2d at 1193.

Milano's case reflects exactly the same factual situation. Following a physical evaluation, the ALJ determined that Milano was capable of performing sedentary unskilled labor and hence was not disabled. Subsequently, a complete psychological evaluation was performed by Dr. Norman Bills, a clinical psychologist. Dr. Bills concluded that Milano needed intensive out-patient psychotherapy, vocational rehabilitation and general health care. He stated that "[a]t the present time [Milano] cannot be gainfully employed. Her present diagnosis is probably best described as severe depression with anxiety and hysterical features." *See* Supp.Record, Psychological Report at 8. It seems clear that this psychological report is new and noncumulative and that there exists a reasonable possibility that it would have materially affected the administrative decision.

Thus, the only difficult question is whether or not the claimant has established good cause for her failure to submit the report within the extension time period afforded her by the Appeals Council. In making this determination, we can find no guidance in the legislative history which accompanied the enactment of the current provisions of § 405(g). When Congress established a good cause standard for determining the propriety of a remand, it provided no examples of what would constitute a showing of good cause by a claimant. *See* H.R.Conf.Rep. No. 944, 96th Cong., 2d Sess. 59, *reprinted in* 1980 U.S.Code Cong. & Ad.News 1277, 1392, 1407; *Caulder*, 791 F.2d at 876. However, previous decisions of this court provide sufficient guidance for the resolution of this case.

■ We have previously recognized that good cause for failing to present evidence may exist where the evidence did not exist

at the time of the administrative proceeding. *See Cherry*, 760 F.2d at 1192. Here, however, the evidence was available at the administrative proceeding; it simply was not considered by the Appeals Council because it was not timely filed.

We nonetheless conclude that a filing that was mailed one day after the extended time period, such as that involved in this case, satisfies the good cause requirement of § 405(g). First, the procedural default is de minimus. Ample time remained for the Appeals Council to consider and act upon the evidence which Milano had submitted. No administrative delay could possibly have resulted from Milano's action.

Second, we believe that the good cause requirement reflects a congressional determination to prevent the bad faith manipulation of the administrative process. The requirement was designed to prevent claimants from attempting to withhold evidence "with the idea of 'obtaining another bite of the apple' if the Secretary decides that the claimant is not disabled." *Szubak v. Secretary of Health and Human Services*, 745 F.2d 831, 834 (3d Cir.1984) (citation omitted). The good cause requirement was designed to avoid the danger of "encouraging claimants to seek after-acquired evidence, and then use such evidence as an unsanctioned 'backdoor' means of appeal." *Id.* Milano's de minimus procedural default does not reflect any bad faith attempt to manipulate the administrative process. Indeed, it suggests an attempt, though unsuccessful, to fully comply with administrative requirements.

Finally, in *Cherry*, this court found good cause and remanded for the Secretary to consider very similar new evidence. In *Cherry*, the new evidence was not presented until the district court level, whereas the new evidence in this case was presented considerably more promptly, i.e., mailed only one day after the time specified by the Appeals Council for submitting same. In light of *Cherry*, we conclude that the good cause requirement has been satisfied here. It is hard to imagine that the good cause requirement could be construed so that a de minimus procedural default, as here, would not qualify.

Accordingly, on the particular facts presented in this case, we conclude that all three factors of the *Cherry* standard have been satisfied. The opinion of the district court is reversed and the case is remanded to the Secretary so that he may consider the new psychological evidence which the claimant has proffered.[3]

**REVERSED and REMANDED.**

---

**3.** At oral argument, the Secretary suggested a separate ground upon which the decision of the district court could be affirmed. The Secretary argued that the new psychological evidence presented by the claimant did not relate to the previous disability which she had claimed, but rather related to a new and distinct mental disability. This assertion is, however, incorrect. First, *Cherry* may be taken as implicitly deciding that the subsequent psychological evidence there was relevant to a determination regarding the previously claimed physical disability. Second, the administrative record amply demonstrates that Milano's original disability complaint encompassed allegations of mental trauma. *See, e.g.,* Administrative Record at 37, 38, 70, 73. Finally, the Secretary has, by his own ruling, recognized that where, as here, the complaint of physical injury greatly exceeds that determined to exist by physical examination a strong likelihood exists that some mental disability may be involved. *See* Social Security Ruling 82–58 (Oct. 1982) ("There may be an emotional component to all symptoms, but the fact that an individual may seem to be exaggerating the limitations arising from a symptom does not necessarily mean that the symptom or the alleged functional limitation is in any way the result of an emotional disorder. However, when alleged symptom-related limitations are clearly out of proportion to physical findings (e.g., no clinical findings of severe neuomuscular disorder, yet the individual alleges inability to stand, bend, or walk due to constant pain), the *possibility* of a severe mental impairment should be investigated.") (emphasis in original). We conclude that Milano's new psychological evidence is related to her originally claimed disability.