[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2006
THOMAS K. KAHN
CLERK

No. 05-16045
Non-Argument Calendar

_____

D. C. Docket No. 03-01235-CV-ORL-18-KRS

SHIRLEY A. ARCHER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 14, 2006)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Shirley Archer received Supplemental Security Income ("SSI") and

disability benefits, 42 U.S.C. §§ 405(g) and 1383, for a period beginning in 1996

and ending in July 1997. She later re-applied for benefits alleging an onset date of October 1997 based on back pain. Her claim was denied at the administrative level and before the district court. She now appeals.

The magistrate judge's report accurately recites the medical evidence and procedural history of this case, and therefore, it is unnecessary for us to recount it here. In summary, after the Commissioner denied benefits, and the administrative law judge ("ALJ") agreed, Archer requested review by the Appeals Council, submitting additional medical evidence from a doctor who had been treating her from June through October 2002 and an MRI report done in 2002. These reports post-dated the ALJ's decision. In these records, the physician diagnosed degenerative disc disease as the basis for neck and low back pain. The Appeals Council considered the evidence but denied review, concluding that it would not alter the ALJ's decision. Archer then filed a complaint in the district court asserting that she had new and material evidence that warranted remand.

Thereafter, Archer re-applied for disability benefits and was found to be disabled as of October 18, 2002. Thus, the only relevant time period before the court was October 1, 1997 through October 17, 2002.

The magistrate judge recommended that the court remand the case under Sentence Six of 42 U.S.C. § 405(g) because the doctor's reports and MRI test were

2

new and material, there was a reasonable possibility that the evidence would have changed the ALJ's findings because the medical reports supported Archer's complaints, especially in light of the subsequent disability determination, and there was good cause for the failure to present the evidence earlier.

The Commissioner objected that the evidence was not material because there was no reasonable possibility that it would have changed the outcome. She noted that the MRI post-dated the ALJ's hearing by twenty-one months, did not impose any additional restrictions, and did not support Archer's complaints of pain.

The district court rejected the magistrate judge's recommendation and affirmed the Commissioner's denial of benefits. Although the court concluded that the evidence was new and non-cumulative, the court found that it did not relate to a time period before the ALJ's decision, there was no good cause for the failure to present it earlier, and there was no reason to believe the new evidence would change the outcome of the hearing. In addition, the court noted that the physician's reports from 2002 gave no indication as to possible work status. Archer now appeals.[1]

Archer argues that remand was appropriate because her case is identical to

_____

[1] On appeal, Archer challenges only whether the district court should have remanded her case for consideration of new evidence. She does not otherwise challenge the ALJ's decision or the district court's findings. Therefore, she has abandoned all other issues. Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

Vega v. Comm'r of Soc. Sec., 265 F.3d 1214 (11th Cir. 2001), the medical reports were new and material evidence, and there was good cause for the failure to submit it earlier.[2] She contends that the outcome would have been different if the ALJ had evidence demonstrating her neck and back impairments, and she points to the subsequent disability determination to show the likelihood of a different outcome.

The Commissioner's "final" decision is subject to judicial review. 42 U.S.C. § 405(g); Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994). When the Appeals Council denies review, the decision of the ALJ becomes the final decision. 20 C.F.R. § 404.955.

We review de novo the determination regarding remand based on new evidence. Vega, 265 F.3d at 1218. In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g). Shalala v. Schaefer, 509 U.S. 292, 296, 113 S.Ct. 2625, 2629, 125 L.Ed.2d 239

---

[2] Archer argues both that the Appeals Council erred by refusing to remand under 20 C.F.R. § 404.970, and that this court has the authority to remand under § 405(g), Sentence Six. Under the Social Security regulations, "if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970. The Council's remand power does not include a requirement that the claimant show good cause. § 404.970. Because both require a showing that the evidence is material, this issue is discussed along with remand under Sentence Six.

4

(1993). Remand is appropriate if the applicant shows that: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable probability that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level."[3] Id.; see also 42 U.S.C. § 405(g) (sentence six). New evidence must relate to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b); Falge v. Apfel, 150 F.3d 1320, 1324 (11th Cir. 1998).

Here, whether the evidence related to the time period before the ALJ's determination folds into the issue of materiality. Thus, the issue is whether the evidence was material. The materiality requirement is satisfied if a reasonable possibility exists that the new evidence would change the administrative result. Falge, 150 F.3d at 1323.

After a thorough review of the record, we conclude that the new evidence was not material, as it was unlikely to change the outcome. The new MRI related

---

[3] The district court found that Archer had not shown good cause for the failure to submit the evidence earlier. The good cause requirement is satisfied when the evidence did not exist at the time of the administrative proceedings. Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988); Milano v. Bowen, 809 F.2d 763, 767 (11th Cir. 1987). The good cause requirement was designed to avoid the danger of "encouraging claimants to seek after-acquired evidence, and then use such evidence as an unsanctioned 'backdoor' means of appeal." Milano, 809 F.2d at 767 (citation omitted). Notably, the court stated that the mere non-existence of the evidence did not amount to good cause. This finding, however, is contrary to this circuit's standard. Cannon, 858 F.2d at 1546. Thus, it appears that Archer could meet the good-cause requirement.

to complaints of neck pain.  Archer's previous treatment related mostly to back and hip pain.  In addition, the MRI does not contradict the ALJ's findings, as there is nothing associated with the new medical evidence that limited Archer's ability to do light work.  Cf. Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987) (remanding because new evidence was material when new reports offered objective medical explanation for previously unexplained subjective complaints of pain and inability to work).

Moreover, it does not appear that the new evidence related to the time period before the ALJ's determination.  The new evidence diagnosed degenerative disc disease in the neck and back.  Archer's original complaints related to low back and hip pain, although she did make some allegations of neck pain.  With a degenerative disease, in the absence of repeated tests, the extent of the progression of the disease at any given time is not known .  Thus, there is no way of knowing whether the new evidence related to the complaints relative to the time period before the ALJ.  Cf. Hyde, 823 F.2d at 459 (remanding because new evidence was material when new reports offered objective medical explanation for previously unexplained complaints of pain).  Furthermore, in light of the degenerative diagnosis, it cannot be said that the subsequent disability finding would have changed the outcome.

6

Although Archer argues that her case is identical to <u>Vega</u>, that case is distinguishable. In <u>Vega</u>, this court found evidence material and good cause shown because the claimant's herniated disc was not discovered until after the ALJ's decision, and only a few months separated the ALJ's decision from the new findings. In contrast, here, almost two years separates the ALJ's decision from the new evidence, and the MRI did not provide any new diagnosis that was undiscoverable earlier.[4] The medical evidence may be relevant to deterioration, but it is not clear that it is relevant to the initial denial of benefits, as this court does not consider "implicit" conclusions that the medical condition existed for an extended period of time that would cover the period of disability before the ALJ. <u>Wilson v. Apfel</u>, 179 F.3d 1276, 1279, nn.4-5 (11th Cir. 1999).

Because Archer can not show the new evidence was material, remand was not warranted. Accordingly, we **AFFIRM** the district court.

---

[4] Notably, there was an MRI done in February 1996, but this related to the time period before the onset of disability. In that MRI, the physician noted disc bulging and found no evidence of herniation. The 2002 MRI showed disc bulging, some herniation, and spondylosis.