[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12352
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 13, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00046-CV-5-RS-EMT

MELODIE HOFFMAN,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of the Social Security
Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(December 13, 2007)**

Before ANDERSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Melodie Hoffman appeals the district court's affirmance of the Social

Security Commissioner's ("Commissioner") denial of disability and Supplemental Security Income ("SSI") benefits. After a thorough review of the record, we affirm.

I. Background

Hoffman applied for disability and SSI benefits, alleging that she was unable to work due to chronic pain, multiple cysts, fibromyalgia, panic attacks, and advanced lumbar degeneration. Her claim was denied initially and upon reconsideration. She requested a hearing before the Administrative Law Judge ("ALJ"), who denied benefits. Hoffman requested review before the Appeals Council, and she submitted an evaluation completed by Dr. W.R. McArthur, an orthopedist who examined Hoffman after the ALJ's decision. The Appeals Council considered the evidence, but denied review. Hoffman then filed her complaint in federal court, asserting that the ALJ mischaracterized the record, misunderstood her limitations, and improperly rejected her credible testimony. She also argued that remand was necessary for the ALJ to consider McArthur's report.

The magistrate judge recommended affirming the Commissioner's denial of benefits. First, the magistrate judge concluded that remand was unnecessary because the new evidence was unlikely to change the outcome and Hoffman had

not shown good cause for her failure to submit the evidence earlier. The

magistrate judge then considered the ALJ's findings of mental and physical

limitations, and concluded that the ALJ properly applied the pain standard and

discredited Hoffman's testimony. The magistrate judge found that the ALJ had

considered the entire record, including Hoffman's testimony regarding her ADLs.

With respect to the MRI and spinal limitations, the magistrate judge concluded that

the ALJ's misstatement was harmless error because, viewing the statement in

context, it was clear that the ALJ had recognized the advanced nature of Hoffman's

degenerative disc disease. The magistrate judge then considered Hoffman's

arguments regarding the opinions of Drs. Warriner and Billingsley, finding that the

ALJ properly concluded that the opinions were inconsistent with the medical

records. The court adopted the recommendation, over Hoffman's objections, and

affirmed the denial of benefits. Hoffman now appeals.

II. Analysis

We review whether the Commissioner's decision is supported by substantial

evidence and whether the correct legal standards were applied. Wilson v. Barnhart,

284 F.3d 1219, 1221 (11th Cir. 2002); Lewis v. Callahan, 125 F.3d 1436, 1439

(11th Cir. 1997). "Substantial evidence is something more than a mere scintilla,

but is less than a preponderance," Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir.

2005) (quotation marks and citations omitted), and "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion," Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation marks and citations omitted). "Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." Id. at 1158-59 (quotation marks and citations omitted). We will not substitute its judgement for that of the Commissioner. Barnes v. Sullivan, 932 F.2d 1356, 1357-58 (11th Cir. 1996).

A claimant applying for disability benefits must prove that she is disabled. 20 C.F.R. § 404.1512; Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520; Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). First, the claimant must show that she has not engaged in substantial gainful activity. Jones, 190 F.3d at 1228. Second, she must prove that she has a severe impairment or combination of impairments. In step three, if her impairment meets or equals a listed impairment, she is automatically found disabled. If it does not, she must move on to step four, where she must prove that she is unable to perform her past relevant work. Finally, if the claimant cannot perform past relevant work, then the burden shifts to the

4

Commissioner in the fifth step to show that there is other work available in significant numbers in the national economy that the claimant is able to perform. Id.

On appeal, Hoffman alleges three errors in the ALJ's findings: the evaluation of her physical limitations; the evaluation of her mental impairments; and the credibility determination. She also argues that remand was necessary to consider new evidence.

### A. Hoffman's Physical Impairments

Hoffman first argues that the ALJ misunderstood her spinal impairments and the symptoms those impairments would likely cause, and failed to address the correct diagnosis from the April 2003 MRI. She notes that the ALJ never considered the deformity of the thecal sac and the displacement of nerve roots as determined by the MRI. According to Hoffman, this mistake cannot be harmless error because a complete understanding of the diagnosis would have enabled the ALJ to properly assess Hoffman's credibility.

In determining disability, the Commissioner "give[s] more weight to opinions from . . . treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of . . . medical impairment(s) and may bring a unique perspective to the medical evidence." 20

C.F.R. § 404.1527(d)(2). Indeed, the ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The testimony or opinion of a treating physician must be given substantial or considerable weight unless there is "good cause" not to. Lewis, 125 F.3d at 1440. "'Good cause' exists where (1) the treating physician's opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the treating physician's opinion was conclusory or inconsistent with his own medical records." Id. "The opinions of nonexamining, reviewing physicians . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence." Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988).

Additionally, an ALJ "must consider findings of [non-examining] State agency medical and psychological consultants . . . as opinion evidence, except for the ultimate determination about whether [the claimant is] disabled." 20 C.F.R. § 404.1527(f)(2)(i). The ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion. Bloodsworth v. Heckler, 703 F.2d 1233, 1240 (11th Cir. 1983). The ALJ is required, however, to state with particularity the weight she gives to different medical opinions and the reasons why. Sharfarz v.

Bowen, 825 F.2d 278, 279 (11th Cir. 1987).

Here, upon review of the record, we conclude that the ALJ properly evaluated Hoffman's physical limitations. Even if the ALJ misunderstood the significance of the moderate disc degeneration, the record as a whole confirms that the error was harmless. Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983). The ALJ noted Hoffman's ability to do some of her own housework activities of daily living, and that she could manage her own affairs. Although the MRI identified moderate degeneration, subsequent physical examinations reported normal motor strength and symmetrical deep tendon reflexes. Doctors prescribed anti-inflammatory medication, Lortab, which is used to treat moderate pain, and physical therapy. From July 2003 through August 2004, Hoffman was treated by Dr. Crayton, who noted mild degenerative disc disease. Test results revealed full range of motion in all joints, with positive trigger points for fibromyalgia. The bone scan taken did not reveal any abnormalities. Trigger point injections brought reduction in Hoffman's pain.

Moreover, Residual Functioning Assessments in 2003 and 2004 established that Hoffman could lift or carry twenty pounds occasionally and ten pounds frequently; she could stand, walk, or sit for six hours in an eight hour day with normal breaks. Hoffman had no manipulative or communicative restrictions.

In 2004, Hoffman underwent several consultative examinations at the request of the Commissioner and her attorney. Dr. Alshazly confirmed the diagnosis of fibromyalgia and chronic pain, but found normal motor function in all extremities, strength at 5/5, normal manual dexterity, good coordination, gait, and standing balance, and full range of motion in her lumbar spine, wrists, hands, hips, and knees.

In light of the medical evidence presented in this case, any error in the ALJ's alleged misstatement of the MRI result constituted harmless error. There was substantial evidence to support the ALJ's conclusion that Hoffman's physical limitations were not disabling.

Moreover, the court properly evaluated the medical opinions. Although the record established a diagnosis of fibromyalgia, the record does not support a finding that Hoffman's physical condition qualified her for disability benefits. See Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005) (explaining, "[w]hile a treating physician's testimony can be particularly valuable in fibromyalgia cases, where objective evidence is often absent, the ALJ . . . adequately articulated specific justification for discounting [the treating physician's] opinion."

Furthermore, Dr. McArthur's report would not alter this conclusion. McArthur concluded that Hoffman had a poor prognosis and was unable to engage

in gainful employment, but his opinion is inconsistent with the other medical evidence and with the opinions of Hoffman's treating physicians. The Appeals Council properly considered this evidence and determined that it would not change the ALJ's decision, especially considering the opinion was based on evidence already before the ALJ. And as a consulting examiner, McArthur's opinion was not entitled to the same weight as the opinion of Hoffman's treating physicians.

### B. Mental Impairments

Hoffman next argues that the ALJ erred by ignoring the opinion of every mental health professional who examined her and by rejecting these opinions as based solely on Hoffman's subjective reports of her condition. She claims that, in so doing, the ALJ failed to properly apply the factors found in 20 C.F.R. § 404.1527(d),[1] including specialization and consistency. She alleges that the ALJ substituted her own judgment for that of the experts. According to Hoffman, if there were conflicts in the reports, the ALJ should have contacted the doctors for an explanation before discrediting their opinions.

An ALJ "must consider findings of [non-examining] State agency medical and psychological consultants . . . as opinion evidence, except for the ultimate

---

[1] According to the regulations, the Commissioner will weigh medical opinions using the following factors: (a) examining relationship; (b) treatment relationship; (c) length of the treatment relationship, frequency of examination, and nature and extent of the treatment relationship; (d) supportability; (e) consistency; (f) specialization; and (g) other factors.

determination about whether you are disabled." 20 C.F.R. § 404.1527(f)(2)(i). The ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion. Bloodsworth v. Heckler, 703 F.2d 1233, 1240 (11th Cir. 1983). The ALJ is required, however, to state with particularity the weight she gives to different medical opinions and the reasons why. Sharfarz, 825 F.2d at 279.

Here, the ALJ properly evaluated the medical opinions of Drs. Warriner and Billingsley. Neither of these physicians was a treating physician, and thus their opinions were entitled to less weight than the opinions of Hoffman's treating physicians. Moreover, the medical records do not support the opinions given by Warriner and Billingsley.

Warriner's report was internally inconsistent and inconsistent with the medical record as a whole. According to Warriner, Hoffman's GAF[2] score was 65, which qualifies as mild symptoms. At the same time, Warriner opined that Hoffman's complaints were credible and that she was unable to work.

A mental RFC examination from 2003 concluded that Hoffman had moderate limitations in concentration, but could get along with others and had the

---

[2] GAF scores between 61 and 70 reflect mild symptoms, with some difficulty in social and occupational functioning. See American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000).

ability to work a normal week. A 2003 psychiatric evaluation concluded that Hoffman had mild limitations in her ADLs, with moderate social and concentration limitations. When Hoffman was evaluated again by a consulting psychiatrist in 2004, the doctor found Hoffman was capable of a full range of ADLs, with mild limits in concentration.

In light of this medical record, substantial evidence supports the ALJ's conclusions with respect to Hoffman's mental limitations, and the ALJ properly discredited the opinions of the consulting and examining physicians.

C. Credibility

Hoffman also argues that the ALJ improperly discredited Hoffman's subjective complaints, especially given that fibromyalgia often lacks objective medical evidence. She notes that none of the mental health professionals discredited her subjective complaints. She then accuses the ALJ of ignoring Regulation 96-7p[3] and 20 C.F.R. §§ 404.1529(c)(4)and 416.929(c)(4),[4] which require the ALJ to consider the consistency of subjective complaints. She further

_____

[3] The regulations require the Commissioner to evaluate subjective complaints of pain in light of the objective medical evidence, the claimant's own statements, and other evidence in the record, and to offer specific reasons for discrediting a claimant's subjective complaints. SSR 96-7p.

[4] In evaluating subjective complaints of pain, the Commissioner considers the extent to which symptoms, such as pain, affect the claimant's ability to perform basic work activities. The Commissioner considers the objective medical evidence from treating and non-treating sources, ADLs, the location, duration, frequency, and intensity of pain, aggravating factors, medication and treatment, and any other factors. See 20 C.F.R. §§ 404.1529 and 416.929.

11

alleges that ALJ improperly relied on ADLs and erroneously rejected the opinions of treating and examining physicians, specifically the poor prognosis cited by Billingsley, Crayton, and the mental health counselor.

"In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citation omitted). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir.1995).

Although a claimant's admission that she participates in daily activities for short durations does not necessarily disqualify the claimant from disability, Lewis, 125 F.3d at 1441, that does not mean it is improper for the ALJ to consider a claimant's daily activities at all. See 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) (specifically listing the claimant's daily activities as one of the factors to consider in evaluating the claimant's symptoms).

In this case, the adverse credibility determination is supported by substantial

evidence. Hoffman had full range of motion through her back, had no manipulative impairments, and could lift twenty pounds occasionally and ten pounds frequently. Trigger point injections relieved the pain, and Hoffman was able to engage in some of her ADLs.

Contrary to Hoffman's argument, the ALJ did not fail to apply the proper pain standard, or to evaluate all the facts in determining whether she was credible. Moreover, the ALJ was entitled to consider the type of treatment used as of the factors to evaluate subjective complaints. 20 C.F.R. § 404.1529.

Furthermore, although none of the mental health professionals discredited her subjective complaints, none of those opinions were entitled to weight, as they came from examining sources and not treating physicians. Notably, only the mental health counselor was actually treating Hoffman, but the counselor was advocating on behalf of her client. Based on the medical evidence from the treating physicians, substantial evidence supports the ALJ's findings.

D. Remand

Finally, Hoffman contends that the Appeals Council should have remanded the case to the ALJ because McArthur's report was new and non-cumulative evidence, and that it related back to the relevant time period of disability. She asserts that there is a reasonable probability that the ALJ would reach a different

13

conclusion with the benefit of McArthur's report because the report contradicts the ALJ's conclusions. Finally, she contends that she established good cause for the failure to submit the report earlier, although she disputes that she was required to show good cause when the Appeals Council considered the evidence.

We review de novo the district court's determination whether remand to the Commissioner is necessary based on new evidence. See Milano v. Bowen, 809 F.2d 763, 765-66 (11th Cir. 1987); Caulder v. Bowen, 791 F.2d 872, 875 (11th Cir. 1986).

Generally, a claimant is allowed to present new evidence at each stage of this administrative process. See 20 C.F.R. § 404.900(b); Ingram v. Comm'r Social Secur. Admin., 2007 WL 2385076, at *4 (11th Cir. 2007). The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if "the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." Id. § 404.970(b).

Section 405(g) permits a district court to remand an application for benefits to the Commissioner by two methods. Although Hoffman contends she was entitled to remand under sentence six of 42 U.S.C. § 405(g), at issue in this case is the "sentence four remand," which provides for remand when "the Appeals

14

Council did not adequately consider the additional evidence."[5] Bowen v. Heckler, 748 F.2d 629, 636 (11th Cir. 1984); see also Ingram, 2007 WL 2385076, at *11-13. Notably, the Appeals Council's remand power does not include a requirement that the claimant show good cause. 20 C.F.R. § 404.970.

Here, remand was not warranted. McArthur's report was based on the medical records already before the ALJ. As discussed above, the evidence would not change the outcome. Cf. Ingram v. Comm'r Social Secur., 2007 WL 2385076, at *11 (11th Cir. 2007) (vacating and remanding because "when the district court does not address an issue, the better course of action often is to reverse the order of the district court and remand."); Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987) (remanding because new evidence was material when new reports offered an objective medical explanation for previously unexplained subjective complaints of pain and inability to work).

III. Conclusion

For the foregoing reasons, we AFFIRM.

---

[5] In contrast, remand is appropriate under sentence six when "evidence, that was not before the Secretary, has been submitted for the first time to [a federal] court." Bowen, 748 F.2d at 636. Because the evidence was presented to and considered by the Appeals Council, a sentence six remand would be improper.