[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14585
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00893-KOB


DEANA MCGRIFF,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 30, 2016)

Before ED CARNES, Chief Judge, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Deana McGriff filed an application with the Social Security Administration

for social security income and disability insurance benefits.  An administrative law

judge denied her application based on his finding that McGriff was not disabled. After the Appeals Council denied review, McGriff appealed to the district court.

In the district court, McGriff contended that the ALJ's decision was erroneous on several grounds. She also filed a motion to remand under sentence six of 42 U.S.C. § 405(g). A magistrate judge issued a report recommending that the district court affirm the ALJ's decision and deny the motion to remand. McGriff filed objections to the report and recommendation in which she challenged the magistrate judge's recommendation to affirm the ALJ's decision, but did not challenge his recommendation to deny her motion to remand. The district court adopted the report and recommendation, affirmed the ALJ's decision, and denied McGriff's motion to remand. This is McGriff's appeal.

When an ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision. Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). We review de novo the Commissioner's conclusion of law. Lewis v. Barnhart, 285 F.3d 1329, 1330 (11th Cir. 2002). We accept its findings of fact as conclusive if they are supported by substantial evidence. Id. "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

2

McGriff first contends that the ALJ erred in failing to give controlling weight to her treating physician's opinion.  While a treating physician's opinion is ordinarily entitled to "substantial or considerable weight," the ALJ may disregard or discount the opinion where "good cause" exists.  Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (quotation marks omitted).  Good cause exists when: "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  Id. at 1241. "We will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it."  Hunter v. Soc. Sec. Admin., Comm'r, 808 F.3d 818, 823 (11th Cir. 2015).

In this case, the ALJ explained that the treating physician's opinion was inconsistent with his own treatment notes, the examination notes of another physician, and McGriff's medical records.  In light of those inconsistencies, the ALJ was entitled to give less than controlling weight to the treating physician's opinion.  See id.

McGriff next contends that the ALJ did not properly consider her global assessment functioning (GAF) score in determining whether she was disabled.  A GAF score is a subjective determination that represents "the clinician's judgment of the individual's overall level of functioning."  Am. Psychiatric Ass'n,

3

Diagnostic and Statistical Manual of Mental Disorders 30 (4th ed. text rev. 2000).

A score between 41 and 50 indicates serious symptoms or "any serious impairment

in social, occupational, or school functioning." Id. at 32. A score between 51 and

60 indicates only moderate symptoms or "moderate difficulty in social,

occupational, or school functioning." Id. A score between 61 and 70 indicates

only mild symptoms or "some difficulty in social, occupational, or school

functioning." Id.

McGriff argues that she received a GAF score of 50 in July 2011 and that

the ALJ erred as a matter of law in assuming that a score of 50 "typically denotes

nondisabling symptoms." That argument fails because even if a GAF score of 50

denotes more than nondisabling symptoms, the ALJ found that during the same

time period, McGriff obtained GAF scores greater than 50 and that her GAF scores

continued to improve with treatment. In April 2011 McGriff obtained a score of

52, in July 2011 she obtained a score of 54, and in April 2012 she obtained a score

of 67. Those scores are not only consistent with the ALJ's finding that McGriff

was not disabled, they support it.

McGriff also contends that the Appeals Council committed legal error when

it refused to consider two pieces of new evidence: the opinion of a social worker

and "quality of life" records. The Appeals Council normally must consider

evidence that was not presented to the ALJ when that evidence is new, material,

4

and chronologically relevant.  See Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d 1317, 1320 (11th Cir. 2015).  Evidence is chronologically relevant if it "relates to the period on or before the date of the [ALJ] hearing decision."  20 C.F.R. §§ 404.970(b), 416.1470(b).  Evidence is "material" when it is "relevant and probative so that there is a reasonable possibility that it would change the administrative result."  Milano v. Bowen, 809 F.2d 763, 766 (11th Cir. 1987) (quotation marks omitted).

The Appeals Council did not err in refusing to consider the new evidence that McGriff presented to it.  The quality of life records were not chronologically relevant because they related to a time period after the date of the ALJ hearing decision.  See 20 C.F.R. §§ 404.970(b), 416.1470(b).  The social worker's opinion was not material because there was not a reasonable probability that it would have changed the administrative result.  Only opinions from "acceptable medical sources" can be used to establish the existence of an impairment.  See 20 C.F.R. §§ 404.1513(a), 416.913(a).  Because a social worker is not listed as an acceptable source, a social worker's opinion cannot be considered in determining the existence of an impairment.  Cf. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1160 (11th Cir. 2004) (stating that because a chiropractor "is not considered an 'acceptable source'" under the applicable regulations, "his opinion cannot establish the existence of an impairment").

5

McGriff next contends that the magistrate judge erred in recommending that the district court deny her motion for a sentence-six remand.  As an initial matter, the Commissioner responds that McGriff waived that argument by failing to specifically object to the magistrate judge's recommendation on the motion to remand.  Our Court's rules provide that:

> A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions <u>if the party was informed of the time period for objecting and the consequences on appeal for failing to object</u>.

11th Cir. R. 3-1 (emphasis added).  Here, the magistrate judge's report and recommendation informed McGriff of the time period for objecting and cautioned that her failure to timely object "will bar any later challenge or review of the factual findings of the magistrate judge, except for plain error."  The warning did not say that McGriff's failure to object would constitute a waiver of her right to appeal the magistrate judge's <u>legal conclusions</u>.  Because neither the magistrate judge nor district court fully informed McGriff of the consequences on appeal for failing to object, she has not waived her right to appeal the district court's denial of her motion to remand based on the magistrate judge's unobjected-to legal conclusions.[1]

---

[1] The Commissioner argues that even if McGriff did not waive her challenge to the

6

Sentence six of 42 U.S.C. § 405(g) provides that the district court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."  In support of her motion for a sentence-six remand, McGriff submits a physician's report dated May 2013.  Although the report was not authored until seven months after the ALJ had issued its decision, McGriff obtained the report well before the Appeals Council denied her request for review in March 2014.  McGriff offers no reason for failing to submit the report to the Appeals Council.  The district court therefore correctly denied her motion to remand.

Finally, McGriff contends that the district court wrongly "correct[ed] or rehabilitate[d] the [ALJ's] decision," instead of reviewing it.  In support of that argument, she points to the following portion of the magistrate judge's report and recommendation:

> The ALJ accorded little weight to the opinion of [McGriff's treating physician], stating that "they are inconsistent with his own findings on examination and are unsupported by the weight of the evidence of record." (Tr. 86).  This is a broad, generalized statement made all the more unhelpful by the fact that the ALJ did not bother to point to any

magistrate judge's legal conclusions by failing to object, we should nonetheless review only for plain error.  Because we conclude that the magistrate judge did not err even under a de novo standard of review, we need not decide whether the plain-error standard applies.

7

particular records of [McGriff's treating physician] which were inconsistent with his opinion.

Immediately after the portion of the report and recommendation that McGriff quotes, the magistrate judge goes on to state that his review of the administrative record confirmed that the treating physician's opinion was in fact inconsistent with his own medical records and the records of another physician, which supported the ALJ's conclusions.  We can discern no error in that reasoning.

**AFFIRMED.**