[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10605
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-01486-JEO

ALICIA STONE,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 19, 2016)

Before TJOFLAT, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Alicia Stone appeals the district court's order affirming the Social Security Administration's denial of her application for disability insurance benefits, pursuant to 42 U.S.C. § 405(g).[1] No reversible error has been shown; we affirm.

After the Administration Law Judge ("ALJ") denied Stone's application for benefits on 26 October 2012, Stone sought review from the Appeals Council. While her appeal was pending, Stone submitted new evidence in support of her application including -- in pertinent part -- CED Mental Health Center records dated from 14 December 2012 to 27 June 2013 ("CED Records").[2] On appeal, Stone contends that the Appeals Council erred by refusing to consider this new evidence solely because the CED Records were dated after the ALJ's decision. Stone argues that, had this new evidence been considered properly, it would refute the ALJ's finding that Stone's depression was no severe impairment.[3]

---

[1] Stone raises no substantive argument challenging the district court's denial of her Rule 59 motion; that issue is abandoned. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

[2] Stone does not challenge the Appeals Council's consideration of her newly-submitted school records or Holistic Pain Management records, nor does she contend that the CED Records have a bearing on her alleged impairments other than on her depression.

[3] On appeal, Stone does not contend that the ALJ's decision -- based on the record before the ALJ as of 26 October 2012 -- was unsupported by substantial evidence. That argument is deemed abandoned. See Access Now, Inc., 385 F.3d at 1330.

2

"With a few exceptions, the claimant is allowed to present new evidence at each stage of th[e] administrative process, including before the Appeals Council." Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d 1317, 1320 (11th Cir. 2015) (quotation omitted). Where the evidence submitted by the claimant is "new, material, and chronologically relevant," the Appeals Council is required to consider it. Id. We review de novo whether the newly submitted evidence satisfies the "new, material, and chronologically relevant" standard. Id. at 1321. "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." Id.

New evidence is chronologically relevant if "it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. §§ 404.70(b), 416.1470(b). Under certain circumstances, medical examinations conducted after the ALJ's decision may still be chronologically relevant, if they relate back to a time on or before the ALJ's decision. Washington, 806 F.3d at 1322-23. Evidence is "material" when it is "relevant and probative so that there is a reasonable possibility that it would change the administrative result." Milano v. Bowen, 809 F.2d 763, 766 (11th Cir. 1987).

As an initial matter, the CED Records themselves are no part of the certified administrative record and, thus, are not before this Court on appeal. See Cherry v. Heckler, 760 F.2d 1186, 1193 (11th Cir. 1985) ("A reviewing court is limited to

3

[the certified] record in examining the evidence."). Our review is limited, instead, to Stone's summary of the contents of the CED Records.

After review, we conclude that the Appeals Council committed no error in refusing to consider the CED Records. First, Stone has failed to demonstrate that the CED Records are chronologically relevant. Stone's summary of the CED Records includes only complaints and diagnoses that were made after the ALJ's decision. That Stone was diagnosed with "recurrent" major depressive disorder is not enough, in and of itself, to demonstrate that the records are chronologically relevant. For instance, the summarized records include no express reference to Stone's condition or symptoms before the ALJ's decision. And nothing evidences that the CED provider making the "recurrent" diagnosis reviewed or relied upon Stone's past medical records in making that diagnosis.

The summarized CED Records note only that Stone suffered from depression for the past "10 years/possibly longer": the records provide no detail about the nature or severity of Stone's past history of depression. Thus, to the extent that this portion of the CED Records may relate back to a time on or before the ALJ's decision, it is cumulative of other evidence already considered by the ALJ. Stone has not argued otherwise: in support of her Rule 59 motion, Stone stated only that the CED Records were "consistent with" and "substantiated the evidence of depression" in the record. Because the ALJ already considered similar

4

evidence of Stone's history of depression,[4] no reasonable possibility exists that this statement in the CED Records would have changed the result of the proceedings. See Milano, 809 F.2d at 766.

Although the CED Records indicate that Stone suffered from potentially disabling depression as things stood on 14 December 2012, records from Holistic Pain Management reported that Stone denied having depression symptoms during her January, August, and September 2012 visits. Absent evidence about when Stone's depression worsened, the CED Records say nothing about Stone's condition on or before the ALJ's decision. Cf. Hearings, Appeals, and Litigation Law Manual for the Social Security Administration, I-3-3-6(B) ("Evidence is not related to the period at issue when the evidence shows . . . [a] worsening or the condition or onset of a new condition after the date of the ALJ decision.").

Contrary to Stone's argument on appeal, the Court's opinion in Washington does not demand a remand in this case. Unlike the new evidence at issue in Washington, the CED Records contain no indication that the CED provider reviewed or had access to Stone's past medical records. In Washington, we also determined the new evidence was chronologically relevant in part because nothing evidenced that the claimant's cognitive abilities had declined in the months

---

[4] The record before the ALJ evidenced -- and the ALJ found -- that Stone suffered from medically determinable depression. Based on a review of Stone's medical record, Dr. Estock opined that Stone's depression was well controlled with medication and caused no severe limitation on Stone's ability to perform activities of daily living or to maintain social functioning, concentration, persistence, or pace.

5

between the ALJ's decision and the newly-submitted medical examination.  806 F.3d at 1322.  The CED Records, however, demonstrate a worsening of Stone's depression symptoms between the time of the ALJ's decision and December 2012, when Stone was first diagnosed with recurrent major depressive disorder.  This case is thus significantly different from the "specific circumstances" involved in Washington.

The Appeals Council committed no error in refusing to consider the CED Records.  We affirm.

AFFIRMED.