[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12718
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cv-00267-PRL

JULIA MARIE RAICES,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 5, 2020)

Before MARTIN, ROSENBAUM, and TJOFLAT, Circuit Judges.

PER CURIAM:

Julia Raices applied for a period of disability and Social Security disability insurance benefits.  Her application was denied.  Raices then requested a hearing before an administrative law judge ("ALJ"), who found that she was not disabled.  Next, Raices requested review by the Appeals Council of the ALJ's decision based on new evidence from one of her doctors, but the Appeals Council declined to review the decision.  Therefore, the ALJ's decision became the final decision of the Commissioner of Social Security, and Raices appealed to the United States District Court for the Middle District of Florida.  The District Court affirmed the decision.

Racies appeals, arguing (I) that the Appeals Council erred in declining to consider her new evidence, and (II) that the ALJ's finding regarding the extent of her disability was inadequate, not specific, and not supported by substantial evidence.  We disagree on both claims.  Therefore, we affirm.

## I.

We first consider whether the Appeals Council erred in declining to consider new evidence that had not been submitted to the ALJ.  We conclude that the Appeals Council did not err because, even if it erroneously concluded that the evidence was temporally irrelevant, the new evidence was not material.

If a claimant presents evidence not heard by the ALJ to the Appeals Council after the ALJ's decision, the Appeals Council *must* consider the evidence if it is:

(1) new, (2) material, and (3) chronologically relevant. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). If the Appeals Council erroneously refuses to consider such evidence, then it commits legal error and remand is appropriate. *See Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1323 (11th Cir. 2015). We review the Appeals Council's refusal to consider new evidence and denial of review *de novo*. *Id.* at 1321.

Here, the Appeals Council declined to review the new evidence because it found the evidence to be chronologically irrelevant. Even if this basis for declining review was erroneous, we agree with the District Court that the Appeals Council's refusal to consider the evidence should be affirmed because the new evidence was not material.

New evidence is material if it is "relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) (quoting *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987)). Here, Raices has not shown that there is a reasonable probability that the questionnaire she submitted from Dr. Martinez-Sanchez would have changed the ALJ's decision. First, the questionnaire was not created until after the ALJ decision, and some of Dr. Martinez-Sanchez's "opinions" in the questionnaire conflicted with her medical records regarding Raices's treatment from before the ALJ decision. Second, the questionnaire itself was based on

Raices's report of her subjective symptoms, which the ALJ discredited, and it lacked support or explanations for the medical opinions it contained.  Therefore, while the questionnaire *might have* supported Raices's claim, she has not shown a reasonable probability that it *would have* changed the ALJ's decision. Accordingly, the new evidence was not material, and we affirm on this issue.

## II.

We next consider whether the ALJ's finding regarding the severity of Raices's disability was adequately and specifically supported by substantial evidence.  We conclude that it was.

The individual seeking Social Security disability benefits bears the burden of proving that she is disabled.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  A claimant may establish that she has "a disability through [her] own testimony of pain or other subjective symptoms."  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

In evaluating a claimant's testimony, the ALJ should consider, among other things, (1) the claimant's daily activities, 20 C.F.R. § 404.1529(c)(3)(i), (2) the "duration, frequency, and intensity" of the claimant's symptoms, *id.* § 404.1529(c)(3)(ii), (3) the "type, dosage, effectiveness, and side effects of any medication" taken to alleviate symptoms, *id.* § 404.1529(c)(3)(iv), and (4) the treatment or other measures taken by the claimant to alleviate symptoms, *id.*

4

§ 404.1529(c)(3)(v).  The ALJ is to consider these factors in light of the other evidence in the record.  *Id.* § 404.1529(c)(4).

If the ALJ discredits the claimant's testimony regarding her subjective symptoms, the ALJ must clearly "articulate explicit and adequate reasons for doing so."  *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995).  Such "credibility determinations are the province of the ALJ, and we will not disturb a clearly articulated credibility finding supported by substantial evidence."  *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (internal citation omitted).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence [that] a reasonable person would accept as adequate to support a conclusion."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Here, the ALJ specifically and adequately found that Raices's testimony regarding her subjective symptoms was inconsistent with record and medical evidence.  First, Raices testified about the extent that she was limited in her daily activities, but her treatment notes did not entirely corroborate the severity of her claimed limitations.  Second, the ALJ noted that she was able to work part-time as an assistant manager during the relevant period, which was inconsistent with the extent of the disability that she claimed.  Third, the ALJ found that, despite

Raices's claims, she had only been receiving conservative treatment and had not been recommended for surgery, which was also inconsistent with the extent of disability that she claimed.

Given these inconsistencies, the ALJ's conclusion that Raices was capable of performing *some* work activity was supported by more than a scintilla of evidence. Accordingly, while the ALJ could have come to a different decision on this record, the decision he reached was supported by substantial evidence. As such, we must affirm. *See Phillips*, 357 F.3d at 1240 n.8 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." (alteration in original) (quoting *Bloodsworth*, 703 F.2d at 1239)); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (noting that this Court will not reverse a decision supported by substantial evidence even if, had we been the finder of fact, we would have reached a contrary result and even if the evidence preponderates against the Commissioner's decision).

## III.

For the reasons set forth above, the judgment of the District Court is affirmed.

**AFFIRMED.**